Anna T. Christiansen (Deceased) and
Barbara Christiansen HARDIN,
Plaintiff, pro se,

v.

Helen P. COOPER and Randolph W.
Cooper, William Ackerman and
Bobby E. Crouch, Defendants.

Civ. A. No. 2:88–1885–1J.

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 28, 1989.

Barbara Christiansen Hardin, pro se.

Mark H. Wall, Wall & Hastie, Charleston, S.C., for Helen P. and Randolph W. Cooper.

Harvey M. Spar, Shimel, Ackerman, Theos, Spar & Robinson, Charleston, S.C., for William Ackerman.

Thad H. Vincent, Charleston, S.C., for Bobby E. Crouch.

1. Ms. Christiansen is now deceased and so it appears that Ms. Hardin is appearing in an

ORDER

HAWKINS, District Judge.

This matter is before the court for a review of the plaintiff's motion for an injunction to prevent the sale of the subject property pending appeal.

FACTS:

In November 1986, the plaintiff, Barbara Christiansen Hardin, and Anna T. Christiansen (deceased) sold a parcel of real estate located in Charleston County to the Defendants Randolph and Helen Cooper.[1] Defendant Bobby Crouch is the real estate broker who listed the property, and defendant William Ackerman is the attorney who provided the legal services necessary to complete the transaction. The plaintiff alleges in her complaint that the defendants' conduct in connection with this transaction constitutes a breach of the real estate contract. Also, she avers that the defendants violated the provisions of the South Carolina Unfair Trade Practices Act (S.C.Code Ann. § 39–5–10 et seq.).

The defendants responded to the complaint by filing motions to dismiss on the grounds that the court lacked jurisdiction over the subject matter of this action, that the court lacked jurisdiction over the defendants, and that the complaint failed to state a claim upon which relief may be granted. Further, the defendants requested dismissal because the complaint does not contain a statement of the basis of the court's jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure.

In accordance with 28 U.S.C. § 636(b) and the Local Rules of this court, the motions were referred to Magistrate Carr for a report and recommendation. The plaintiff was informed of the motion and afforded an explanation of summary judgment procedure similar to that given to pro se litigants in civil rights actions. She fully availed herself of the opportunity to respond to the motions by filing a number of memoranda and exhibits with the court.

individual capacity and also as the representative of the Christiansen estate.

After considering this information, the magistrate concluded that the court lacked subject matter jurisdiction and recommended that the matter be dismissed without further proceedings. The plaintiff took advantage of her statutory right to file objections to the magistrate's report, but nonetheless, this court adopted the report and dismissed the action.

Thereafter, Ms. Hardin filed a notice of her intention to appeal that decision to the Fourth Circuit Court of Appeals. More importantly for present purposes, the plaintiff also requested an injunction restraining the defendants from selling the subject property pending a ruling on her appeal. A hearing on this motion was conducted on February 28, 1989. Each of the defendants appeared through counsel. Unfortunately, the recent winter storm prevented the plaintiff from traveling to South Carolina, so she agreed to enter an appearance by telephone.

ANALYSIS:

■ An examination of the record indicates that the motion for an injunction must be denied. Federal Rule of Civil Procedure 65 vests a federal court with the equitable power to issue an injunction in an action over which it has subject matter jurisdiction. 7 J. Moore, J. Lucas, and K. Sinclair, Moore's Federal Practice ¶ 65.03[3] (2nd ed. 1987). However, Rule 65 does not confer jurisdiction on the district court, and thus the plaintiff must demonstrate the existence of some independent basis for federal jurisdiction. *Id.* As stated more fully in this court's order dated January 13, 1989, the record contains no facts that could justify the exercise of federal subject matter jurisdiction over the instant dispute. Hence, due to this infirmity, the substance of the plaintiff's motion cannot be considered.

CONCLUSION:

Accordingly, based upon the foregoing, it is

---

* Charles "Buddy" Roemer has succeeded Edwin W. Edwards as Governor of Louisiana and has

ORDERED, that the plaintiff's motion for an injunction be, and the same is hereby, denied.

AND IT IS SO ORDERED.